# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEPHEN JOHNSON,**

**Plaintiff,**

-vs-                                               **Case No.  6:05-cv-1001-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**
_____

## MEMORANDUM OPINION & ORDER

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Supplemental Security Income (SSI) and child disability benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.  Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **AFFIRMED.**

## *I. BACKGROUND*

**A.      Procedural History**

Plaintiff filed for SSI and child disability benefits in April 2002. R. 51-52, 200-03.  He alleged an onset of disability at birth due to cystic fibrosis; however, at the hearing he amended the alleged onset date to December 22, 2001.  R. 13, 73, 75, 217-18.  His application was denied initially and

upon reconsideration.  R. 32-35, 39-40, 42-43, 195-99, 205-08.  Plaintiff requested a hearing, which was held on September 7, 2004, before Administrative Law Judge Philamena Jones (hereinafter referred to as "ALJ").  R. 211-45.  In a decision dated February 25, 2005, the ALJ found Plaintiff not disabled as defined under the Act through the date of her decision.  R. 13-20.  Plaintiff timely filed a Request for Review of the ALJ's decision and he Appeals Council denied Plaintiff's request on May 6, 2005.  R. 6-8.  Plaintiff filed this action for judicial review on July 5, 2005.  Doc. No. 1.

### B.        Medical History and Findings Summary

At the time of the ALJ's decision, Plaintiff was 23 years old (R. 62), with a high school education (R. 81) and no past relevant work history.  Plaintiff's medical history is set forth in detail in the ALJ's decision.  By way of summary, Plaintiff complained of cystic fibrosis which causes breathing and digestive problems.  R. 92.  After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from cystic fibrosis, which was a "severe" medically determinable impairment, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  R. 16.  The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work, as he could lift/carry ten pounds, stand/walk less than 2 hours in an 8-hour workday, with additional environmental, postural, and other nonexertional restrictions.  R. 19, Finding 6.  In making this determination, the ALJ found that Plaintiff's allegations regarding his limitations were not totally credible for the reasons set forth in the body of the decision.[1]  R. 19, Finding 5.  With the assistant of a vocational expert ("VE"), the ALJ determined that Plaintiff had no past relevant work, but Plaintiff could perform work existing in

---

[1]  Within the body of the decision, the ALJ discredited Plaintiff's reported limitations based on several specific inconsistencies between those limitations, the medical findings and Plaintiff's stated activities, which include racing cars.  R. 16.

significant numbers in the national economy, *i.e.*, as a nonemergency dispatcher, escort vehicle driver, and appointment clerk.   R. 20.   Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision.   R. 20.

Plaintiff now asserts three points of error.  First, he argues that the ALJ should not have relied on erroneous limitations in the hypotheticals posed to the VE.   Second, he argues that the ALJ erred by finding he had the RFC to perform sedentary work contrary to treating doctors' statements.   Third, he argues that the ALJ erred in evaluating his credibility.  For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## II.  STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).  "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206,

1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### A. RFC and the treating physician's opinion.

Plaintiff claims that the ALJ erred in assessing his RFC by failing to address certain findings of Dr. Smith's, including that Plaintiff would have flare ups in his condition anytime Plaintiff would try to work. R. 184. The Commissioner contends the ALJ properly rejected Dr. Smith's opinion because it was not supported by the record.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis*, 125 F.3d at 1440; *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. §§ 404.1527(d), 416.927(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's

-4-

impairments.  *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

Plaintiff contends that the ALJ should not have found him able to perform sedentary work in light of Dr. Smith's notes that he was in constant need of medications to keep him breathing adequately and out of the hospital and his breathing was impaired to the point where he was totally disabled and not able to work at all. R. 182.  The Commissioner appropriately responds that Dr. Smith's statement that working caused flare ups is more accurately a notation of Plaintiff's self-report to Dr. Smith.  Dr. Smith noted in August 2003 that Plaintiff "says overall he does pretty well with his CF but if he tries to hold down a job, it just wears him down and then he gets ill." R. 187.  However, the record is to the contrary.  As the ALJ noted, Plaintiff was able to work for in Virginia for 8 months doing copy work.  R. 47.  He left his job because his father moved to Florida and he wanted to move with him.  R. 15, 237.  For some time prior to that, at twenty years old (in June 2001) Plaintiff was living with his girlfriend, worked at the copy center, and was going to go back to school[2] in the fall. R. 150.

The medical reports do not indicate Plaintiff had actually had a flare up resulting from working after moving to Florida in December 2001 or early 2002.  R. 67, 182, 237.  Plaintiff testified that he had been hospitalized in August 2002 and August 2003 (R. 220) but these incidents were four and sixteen months after his brief thirty-day stint at Sherwin Williams (March 2002 to April 2002) delivering 40-50 pound buckets of paint to construction sites, which clearly he was medically disqualified from performing.  R. 68; 220-21.  Plaintiff's hospitalization in June 2003 with digestive problems was the result of running out of his medication and had nothing to do with working.  R. 191.

---

[2]There are no other direct references as to whether Plaintiff is attending school.

At that time in June 2003, the doctors at Children's National Medical Center in Washington, D.C. instructed him to find a new primary care doctor, even though he had not done so for about eighteen months after moving to Florida in early 2002 (R. 236).  Plaintiff began seeing Dr. Smith in August 2003 (R. 223), although he testified that he would travel to Washington, D.C. to see his former doctors on occasion.  R. 237.

The ALJ properly discredited Dr. Smith's report on the grounds that it was unsupported by evidence of examination or evidence in the file.  The ALJ's determination was supported by substantial evidence.  Dr. Smith's records and those of Plaintiff's other treating physicians do not support the extreme limitations Dr. Smith reported in April 2004 statement – that Plaintiff was disabled by his breathing problems.  R. 182.  One month later in May 2004, Dr. Smith completed a "Medical Source Statement of Ability to Do Work-Related Activities" indicating Plaintiff could lift twenty pounds occasionally and ten pounds frequently, stand less than two hours in an 8 hour workday, sit for unlimited amount of time, with postural and environmental limitations and limited pushing/pulling.  R. 188-90.  These limitations indicate Plaintiff has the functional ability to engage in sedentary work with certain restrictions, which the ALJ used to formulate her RFC determination that Plaintiff could perform a significant range of sedentary work.  R. 17-18.  Dr. Smith's April 2004 conclusory "disabled" opinion is not supported by his more detailed Medical Source Statement dated one month later, May 2004.  Other treatment records from Dr. Smith also indicate in January 2004 that Plaintiff "since living [in Florida] has done well on chronic suppressive therapy" and that his condition was generally stable.  R. 181-91.

Moreover, Plaintiff's other long-term treating physician, Dr. Chaney, Plaintiff's pulmonologist at Children's National Medical Center in Washington, opined in September 2002 that Plaintiff could

lift between ten to twenty pounds indoors, but could not do heavy lifting or work outside in the extreme heat or cold. R. 132. Pulmonary function tests and laboratory reports that Dr. Chaney attached in support indicate that Plaintiff suffered from mild lower airway obstruction, improving, with good oxygenation; other lung test results were normal. R. 134. Dr. Sami-Zakhari at the hospital there described Plaintiff's condition as "moderate" cystic fibrosis in August 2002. R. 194. The only other medical reports in the record were those of two examining physicians, whose examinations documented moderate findings and offered the same relevant lifting and sitting restrictions as Dr. Smith, with the major difference that they opined Plaintiff could stand or walk for about 6 hours in an 8 hour workday and Dr. Smith limited Plaintiff to less than 2 hours of walking or standing. R. 116, 155. Dr. Smith's opinion is contradicted by Plaintiff's consistent statements that he had stood eight hours per day in the copy job that he held for eight months, a job he left only because he moved with his father to Florida. R. 219; *see also* R. 67, 85 ("stand all day"); 145 ("works full time, standing up 7 hours per day"). The limitation on standing and walking is also contradicted by records indicating that Plaintiff was "walking for exercise" (R. 139) and exercising two nights per week. R. 145.

Although Dr. Wade at the Volusia County Health Department opined in a one-sentence explanation that "Patient is disabled due to a condition known as Cystic Fibrosis," (R. 165) he was specifically requested by Plaintiff to complete a disability statement on letterhead, even though he was aware Dr. Wade was leaving the Department. R. 168. Plaintiff's Health Department records contain a pulmonary function test that showed no overt airway obstruction, but small airway disease with normal lung volumes.[3] It is clear that the medical evidence did not support the RFC opinions of Dr.

---

[3]It is worth noting that Plaintiff receives some of his medication (Pulmozyme therapy) through a grant from a company ("Genetech Endowment for Cystic Fibrosis") for which Dr. Wade had to provide a medical necessity statement. R. 170-71. Plaintiff testified that without the grant the medication would otherwise cost him $20,000. R. 232.

Smith or Dr. Wade that Plaintiff was "disabled."  Accordingly, good cause existed for the ALJ's failure to credit their opinions.

**B.      Pain and credibility.**

Plaintiff asserts that the ALJ erred in evaluating his limitations due to cystic fibrosis.  He also argues that the ALJ erred by finding his subjective complaints not fully credible.  He contends that the record demonstrates his credibility and that the ALJ failed to provide adequate and specific reasons for discrediting his complaints.

The ALJ must consider all of a claimant's statements about his symptoms and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the limitations alleged, the ALJ must apply the Eleventh Circuit's three-part standard for assessing subjective complaints:

> which requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).  Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

Although the ALJ did not refer to the Eleventh Circuit's pain standard as such, she clearly was aware of the governing standards for evaluating subjective complaints because she cited the applicable regulations and Social Security Ruling ("SSR") 96-7p.  R. 16.  *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002) (per curiam) (ALJ properly applied the Eleventh Circuit pain standard

-8-

even though he did not "cite or refer to the language of the three-part test" as "his findings and discussion indicate that the standard was applied"). Moreover, the ALJ complied with those standards. She obviously determined that plaintiff had an objective medical condition that could give rise to the alleged symptoms, because otherwise the ALJ would not be required to assess the credibility of the alleged complaints.

Having concluded that she had to make a credibility determination of Plaintiff's subjective complaints, the ALJ plainly recognized that she had to articulate a reasonable basis for her determination. In that respect, when discussing Plaintiff's RFC, the ALJ stated:

> The claimant's subjective complaints and symptoms, including his allegations of limitations have been given a great deal of thought and carefully compared to the other evidence. The claimant's testimony and other reports reflect that he lives a light type lifestyle, which is consistent with the medical evidence. He testified at the hearing that he has a driver's license with no limitations. He reported to Dr. Kher that he participates in car races. He is able to accompany his father on his errands and he is able to take care of his personal needs and activities of daily living. There are no reported side effects from any medication. Activities and reports such as these are inconsistent with his allegations of incapacitating limitations or depression. This is not to minimize the medical impairment demonstrated in the record. The claimant does have impairments that limit his activities such as heavy lifting. However, the clinical findings resulting from this impairment does not appear to be of a degree capable of producing limitations of incapacitating proportion. Accordingly, the undersigned finds that the claimant's allegations and subjective symptoms are out of proportion and inconsistent with the medical evidence and are not fully credible.

R. 16.

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated

credibility finding with substantial supporting evidence in the record.  *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Plaintiff also contends that Dr. Smith's opinion that Plaintiff's allegations of muscle fatigue or side effects to medication were credible and support Plaintiff's testimony of limitations at the hearing.  R. 188-90.  Plaintiff testified that he has symptoms of fatigue, gets tired easily and ends up getting sick for several weeks. R. 223-24.  He also testified that sometimes during the day he would have to take treatments for shortness of breath, which were not allowed during work. R. 237-38.

The Commissioner responds that other evidence of record, notably the benign treatment reports of Drs. Smith and Chaney, did not support Plaintiff's subjective complaints.  Dr. Smith responded "yes" to a question posed on the form reading "If the individual alleges . . . muscle fatigue or . . . side effect[s] of the prescribed medication, do you consider the allegation to be credible?" R. 190.  The Court finds Dr. Smith's opinion on Plaintiff's credibility regarding his side effects and fatigue is of limited value since such complaints from Plaintiff are not even listed in Dr. Smith's records.

In fact the ALJ explored this inconsistency at the hearing, asking Plaintiff:

And you indicated that your medications cause you to have leg spasms and headaches. Have you reported all of this to your doctor when it's happening?

R. 236.  Plaintiff responded: "Oh, yes, ma'am, I have."  R. 236.  Plaintiff also testified that he could not walk more than a block.  R. 228.

However, there are no reports of such side effects or debilitating fatigue in the records which are to the contrary.  Records from Children's National Medical Center indicate Plaintiff reported "running around 6 blocks each night," (R. 125), racing cars (R. 127), "feeling great" (R. 130), "walking for exercise" (R. 139).  To Dr. Smith at Pulmonary Practice Associates, Plaintiff reported

-10-

doing fairly well without complaints of side effects (R. 181).   There is no mention of leg spasms or headaches, even though that information was specifically asked at Plaintiff's appointments with Dr. Smith.  R. 183, 184, 185, 187.

As to Plaintiff's testimony that during the day he would have to take treatments for shortness of breath (R. 237-38), Plaintiff is not credible.  Under questioning from the ALJ, Plaintiff conceded that he was able to perform the copy job for eight months even though he did not take his treatments during the day.  R. 237 ("It was tough, but I could.  It wasn't easy.").  This is a far cry from Plaintiff's applications to SSA that said he needs to spend "4-5 hours a day on his medications and therapy" or another application that stated he needed two hours in the morning and two hours in the evening to take his medications.  R. 94.

The ALJ appropriately offered specific reasons for discrediting Plaintiff's subjective complaints, including inconsistencies between his reports and mild or moderate medical examination findings, as well as inconsistencies between his statements and activities of daily living.  These are factors the ALJ is directed to consider.  20 C.F.R. §§ 404.1529; 416.929.  The Court find that the ALJ's reasons are supported by substantial evidence.

**C. Hypothetical to the VE**

Plaintiff contends that the ALJ erroneously found Plaintiff able to perform other work in the national economy based on a misunderstood limitation – that Plaintiff could stand and walk for two hours in an eight hour day – in the hypothetical to the VE.  R. 242.  Plaintiff argues the ALJ should have sought clarification on this issue.

The Plaintiff is correct that case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or

restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Id.* at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

The Commissioner concedes that the VE may have misstated Plaintiff's walk/stand limitation as being able to stand/walk for two hours rather than *less than* two hours, but argues that the VE later stated Plaintiff could still do sedentary work even if he were restricted to less than two hours of standing and walking. R. 244. As the VE testified, "These jobs [non-emergency dispatcher, escort vehicle driver, and appointment clerk] are essentially sedentary. So the job is performed in a sitting position. So, yes, I think he would [be able to do the jobs]. . . . I don't think it's a continuous standing if you understand what I'm saying." R. 244. The VE's testimony that Plaintiff could perform sedentary work supports the ALJ's decision. Morever, other records contradict such a restrictive limitation on Plaintiff's ability to stand or walk. Records from Children's National Medical Center indicate Plaintiff reported "running around 6 blocks each night," (R. 125), racing cars (R. 127), "feeling great" (R. 130), "walking for exercise" (R. 139). Substantial evidence supports the ALJ's reliance on the VE's testimony.

### III. CONCLUSION

The record in this case shows that Plaintiff suffers from cystic fibrosis (but not at the severity of the listing) and his lifestyle and activities are affected by his ailments to some degree, but he has coped with the disease through suppressive therapy. The ALJ appropriately considered these circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act. For the reasons set forth above, the ALJ's decision is consistent with the requirements

of law and is supported by substantial evidence.   Accordingly, the Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

      **DONE** and **ORDERED** in Orlando, Florida on September 5, 2006.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record